**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Kenya Johnson,

Plaintiff,

CASE NO: 3:16-CV-626-J-31MCR

v.

NRA Group, LLC d/b/a/
National Recovery Agency,

Defendant.
______________________________ /

FILED
2016 MAY 23 PM 1:08
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

## COMPLAINT

Plaintiff, Kenya Johnson (hereinafter, "Mr. Johnson" or "Plaintiff"), by and through counsel, brings this action against Defendant, NRA Group, LLC d/b/a/ National Recovery Agency (hereinafter, "Defendant" or "NRA"), and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## PARTIES

2. Plaintiff Kenya Johnson is a natural person who resided in Jacksonville, Florida, at all times relevant to this action.

3. Defendant NRA is a Pennsylvania limited liability company that maintained its principal place of business in Harrisburg, Pennsylvania, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Before NRA began contacting Mr. Johnson, it and Mr. Johnson had no prior business relationship and Mr. Johnson had never provided express consent to NRA to be contacted on his cellular telephone.

8. NRA regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of NRA's revenue is debt collection.

10. NRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, NRA contacted Mr. Johnson to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Mr. Johnson is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. NRA began calling Mr. Johnson on his cellular phone at phone number (904) XXX-5591, on or about May 6, 2015, in connection with the collection of a debt.

15. Shortly after the calls began, Mr. Johnson contacted NRA to determine why NRA was calling him.

16. During this communication, NRA advised Mr. Johnson that NRA had called his phone number in order to contact an individual named "Rebecca".

17. During this communication Mr. Johnson explained to NRA that he had recently acquired the cell phone number, and he did not know "Rebecca".

18. Despite this communication, NRA continued to call Mr. Johnson on his cellular phone in an attempt to collect a debt.

19. On at least one occasion when NRA called Mr. Johnson's cellular phone after being informed that there was no one named "Rebecca" at that phone number, NRA became rude and abusive toward Mr. Johnson.

20. NRA's continued calls to Mr. Johnson's cellular phone caused Mr. Johnson emotional distress, including frustration, anger, anxiety, and stress.

21. NRA's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Mr. Johnson.

22. NRA unreasonably relied upon inaccurate information provided to NRA by one (1) or more original creditors for whom NRA was attempting to collect a debt when NRA called Mr. Johnson's cellular telephone.

23. NRA's policies and procedures violate the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 23 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt when Defendant continued to make collection calls to Mr. Johnson on his cellular phone, despite knowing there was no one named "Rebecca" at Mr. Johnson's number.

26. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt when Defendant continued its campaign of harassing collection calls to Mr. Johnson, after Mr. Johnson informed NRA that he had recently acquired the phone number and did not know "Rebecca".

## COUNT TWO

### Violations of the Florida Consumer Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 23 above as if fully set forth herein.

28. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

29. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

30. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

31. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff, including but not limited to continuing to make collection calls to Mr. Johnson on his cellular phone, despite knowing there was no one named "Rebecca" at Mr. Johnson's number.

## COUNT THREE

### Violation of the Telephone Consumer Protection Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 23 above as if fully set forth herein.

33. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick

> and elderly out of bed: they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

34. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

35. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

36. A predictive dialer is an ATDS within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

37. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

38. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7999-8000, ¶ 72-73 (2015).

39. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Soppet*, 679 F.3d, at 641; *Sterling v. Mercantile*

*Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 186432, *6-7 (W.D.N.Y. Nov. 22, 2013).

40. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961,7999-8000, ¶ 72 (2015).

41. Plaintiff was the "called party" in each telephone call Defendant placed to a Plaintiff's cellular telephone.

42. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on his cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

43. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

44. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

45. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

46. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

47. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

48. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

49. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his/her express consent to Defendant to call those telephone numbers.

50. Defendant voluntarily placed non-emergency telephone calls to Mr. Johnson's cellular telephone number using an ATDS and/or an artificial or prerecorded voice, without Mr. Johnson's prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

51. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

**JURY DEMAND**

52. Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

53. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: May 20, 2016

By: /s/ Sharina Romano
Sharina T. Romano, Esq.
Florida Bar No.: 65501

HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 904-853-3050
(F) 312-361-3509
(E) sharina@fairdebt411.com
*Counsel for Plaintiff*